J-S69036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHALLAN A. GALLEHER | : | |
| | : | |
| Appellant | : | No. 654 MDA 2018 |

Appeal from the Order Entered January 10, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000295-2006

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED JANUARY 08, 2019**

Challan A. Galleher (Appellant) appeals from the order dismissing his petition for writ of *habeas corpus*.  We affirm.

A prior panel of this Court summarized the relevant facts and procedural history of this case as follows:

> The record reveals that Appellant appeared at an October 16, 2006 hearing and pled guilty to involuntary deviate sexual intercourse with a child and involuntary deviate sexual intercourse with a person less than 16 years of age.  Pursuant to the parties' plea agreement, the trial court imposed a sentence of 13 to 45 years of incarceration at a January 15, 2007 sentencing hearing.  Also pursuant to the parties' plea agreement, the Commonwealth dismissed numerous other charges and did not seek to have Appellant declared a sexually violent predator.  This Court affirmed the judgment of sentence on November 2, 2007.  Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

> On May 15, 2009, Appellant filed a *pro se* petition for a writ of *habeas corpus*.  The PCRA court treated that filing as a first PCRA petition, and on August 31, 2010 the court filed its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P.

907. The PCRA court dismissed the petition on September 8, 2010 without ever having appointed counsel, and Appellant filed a timely *pro se* appeal. In an unpublished memorandum filed August 11, 2011, this court vacated and remanded for appointment of counsel. The PCRA court appointed counsel on March 19, 2012. On January 29, 2013, the trial court once again entered notice of its intent to dismiss Appellant's petition without a hearing. The PCRA court dismissed Appellant's petition on May 10, 2013.

*Commonwealth v. Galleher*, 365 MDA 2013 at 1-2 (Pa. Super. Aug. 28, 2014) (unpublished memorandum; footnotes omitted).

On August 28, 2014, this Court affirmed Appellant's appeal from the order dismissing his first PCRA petition on the basis that the petition was untimely. *Id.* at 3-4. The panel explained:

We begin our own review with an analysis of the timeliness of Appellant's petition. The PCRA's jurisdictional timeliness provision requires a petitioner to file a PCRA petition within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This Court affirmed Appellant's judgment of sentence on November 2, 2007. Because Appellant did not seek allowance of appeal to our Supreme Court, his judgment of sentence became final thirty days later, on December 3, 2007. *See* Pa.R.A.P. 1113(a) (requiring an appellant to seek allowance of appeal to the Supreme Court within 30 days of this Court's order). Accordingly, Appellant had until December 3, 2008 to file a timely PCRA petition.

Appellant's May 15, 2009 filing is therefore facially untimely. A petitioner can avoid the time bar if he or she pleads and proves the applicability of one of three timeliness exceptions set forth in § 9545(b)(1)(i-iii). Since Appellant has not attempted to plead or prove the applicability of any of the three timeliness exceptions, the PCRA court was without jurisdiction to entertain his petition.

*Id.* (footnotes omitted).

On November 28, 2017, Appellant filed a second *pro se* petition for writ of *habeas corpus*. Appellant asserted that his sentence was illegal under ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). In ***Muniz***, our Supreme Court held that retroactive application of the registration and reporting requirements of the Pennsylvania Sex Offender Registration and Notification Act, (SORNA),[1] violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. ***Id.*** at 1223. On January 10, 2018, the trial court dismissed Appellant's *habeas* petition, concluding that ***Muniz*** was inapplicable because Appellant was never sentenced under SORNA. This timely appeal followed.

On appeal, Appellant presents the following issues for review:

1. Whether the trial [c]ourt erred as a [m]atter of [l]aw and/or abused [its] discretion in denying Appellant's requested relief violating Appellant's Article 1 §1 Pennsylvania Constitutional Right to reputation?

2. Whether the trial [c]ourt erred as a [m]atter of [l]aw for failing to realize ALL prior ver[s]ions of Megan's Law[] expired on December 12, 2012 upon the enactment of SORNA, 42 Pa.C.S. §9799.41?

3. Whether the trial [c]ourt erred as a [m]atter of [l]aw and/or abused [its] discretion by failing to realize any [c]onstitutional ruling that deems statutes, or portions thereof constitute punishment outside the scope of [c]onstitutional protections is an error of [l]aw?

4. Whether the trial [c]ourt erred as a [m]atter of [l]aw as it relied on statutes and procedures prior to the ***Muniz*** ruling?

---

[1] 42 Pa.C.S.A. §§ 9799.10-9799.42.

5. Whether the trial [c]ourt erred as a [m]atter of [l]aw for failing to acknowledge Megan's Law III to which Appellant was sentenced under was found unconstitutional by the **Neiman** Court?

6. Whether the trial [c]ourt erred as a [m]atter of [l]aw for not considering statutes to which Appellant plead guilty both carry mandatory minimum sentences, and mandatory registration both of which are unconstitutional?

7. Whether the trial [c]ourt erred as a [m]atter of [l]aw for not considering Act 10 of 2018, sub-chapter I (42 Pa.C.S. §§ 9799.51-9799.75) are facially and otherwise unconstitutional, and violate [d]ue [p]rocess when applied retroactively to pre-SORNA offenders who were not advised of the applicable registration requirements at the time of their guilty plea resulting in manifest injustice?

Appellant's Brief at 4.

Prior to addressing Appellant's issues, we must first determine whether we have jurisdiction. Although Appellant identified his filing underlying this appeal as a petition for writ of *habeas corpus*, our Supreme Court has held that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, **to the extent a remedy is available under such enactment**." **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) (emphasis in original). Consequently, Appellant's *habeas* petition was his second PCRA petition. We must therefore consider the timeliness of the petition.

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of

- 4 -

the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

As set forth above, a prior panel of this Court explained that Appellant's "judgment of sentence became final . . . on December 3, 2007[,]" and thus, "Appellant had until December 3, 2008 to file a timely PCRA petition." *Galleher*, 365 MDA 2013 at 3. Accordingly, Appellant's second PCRA petition, which he filed on November 28, 2017, is facially untimely, and we lack

- 5 -

jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of section 9545(b)(1). ***See id.***

Here, Appellant did not attempt to plead or prove any of the timeliness exceptions of section 9545(b)(1) in his PCRA petition. ***See*** Petition for Writ of *Habeas Corpus*, 11/28/17. We are therefore without jurisdiction to address the merits of his appeal.[2] ***See Derrickson***, 923 A.2d at 468; ***see also Commonwealth v. Murphy***, 180 A.3d 402, 405-06 (Pa. Super. 2018) (holding that an appellant cannot rely on ***Muniz*** to satisfy the newly recognized constitutional right timeliness exception of the PCRA).

Order affirmed.

P.J.E. Bender joined the memorandum.

Judge Lazarus files a concurring statement.

---

[2] Even if Appellant's PCRA petition was timely, he would not be entitled to relief under ***Muniz***. In ***Muniz***, the Supreme Court held that the retroactive application of the registration and reporting requirements of SORNA, which became effective on December 20, 2012, violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. ***Muniz***, 164 A.3d at 1223. In this case, as the trial court pointed out, Appellant was not sentenced to any sexual offender registration under SORNA because he pled guilty and was sentenced long before SORNA's effective date. Trial Court Order, 1/10/18.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2019